Roger Jon Diamond, Esq. (State Bar No. 40146)
   *rogdiamond@aol.com*
Law Offices of Roger Jon Diamond
1717 Fourth Street, Third Floor
Santa Monica, California 90401
Tel. (310) 452-6643

Kamille R. Dean, Esq. (State Bar No. 234468)
   *kamille@kamilledean.com*
Law Offices Of Kamille Dean, PLC
4545 North 36th Street, Suite 202
Phoenix, Arizona 85018
Tel. (602) 252-5601

*Attorneys for Defendant,* JULIAN OMIDI

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br>     *vs.*<br><br>JULIAN OMIDI, INDEPENDENT MEDICAL SERVICES, INC., SURGERY CENTER MANAGEMENT, LLC, and MIRALI ZARRABI, M.D.,<br><br>               Defendants. | Case No. CR 17-00661(A)-DMG<br><br>[*Hon. Dolly M. Gee, District Court Judge*]<br><br>**JULIAN OMIDI'S MOTION TO DISMISS THE SUPERSEDING INDICTMENT FOR VIOLATION OF THE FIFTH AMENDMENT DUE PROCESS CLAUSE, THE SIXTH AMENDMENT RIGHTS TO CONFRONTATION AND TO A PUBLIC TRIAL; REQUEST FOR OTHER APPROPRIATE RELIEF**<br><br>[MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF AND DECLARATIONS OF ATTORNEY KAMILLE R. DEAN, ATTORNEY GEORGE C. PAUKERT, AND JAMIE HIDALGO]<br><br>**REDACTED PUBLIC VERSION**<br><br>Date:          September 12, 2018<br>Time:          2:00 p.m.<br>Dept.:         Courtroom 8C<br>Location:      350 West 1st Street, 8th Floor<br>               Los Angeles, CA 90012<br>Trial:         October 9, 2018 at 8:30 a.m. |

**JULIAN OMIDI'S MOTION TO DISMISS THE SUPERSEDING
INDICTMENT FOR VIOLATION OF THE FIFTH AMENDMENT
DUE PROCESS CLAUSE, THE SIXTH AMENDMENT RIGHTS TO
CONFRONTATION AND TO A PUBLIC TRIAL; REQUEST FOR
OTHER APPROPRIATE RELIEF**

**TO THE HONORABLE COURT, ALL DEFENDANTS, AND THEIR
ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on September 12, 2018, at 2:00 p.m., or as soon as may be heard, in Courtroom 8C of the above-entitled Court located at 350 West 1st Street, Los Angeles, CA, 90012, Defendant Julian Omidi ("Defendant"), will and hereby does move this Court for an Order dismissing the Superseding Indictment (dkt. 12) for violating the Fifth Amendment Right to Due Process and the Sixth Amendment Right to Confrontation and to a Public Trial. These significant violations took place during an *in camera* and critical proceeding on July 10, 2018.[1] Ninth Circuit law holds that the closure of the hearing by itself was prejudicial:

> The alleged closing of [Mr. Omidi's] trial would have infected his entire trial with such error. Indeed, implicit in the recognition that trial closures are structural errors is the recognition that such errors "affect the framework in which the trial proceeds." *Arizona v. Fulminante,* 499 U.S. 279, 310, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991); *see also Campbell,* 408 F.3d at 1171–1172. If [Omidi] establishes a violation of his right to a public trial, that structural error would likely satisfy the prejudice showing.

*United States v. Withers*, 638 F.3d 1055, 1065-66 (9th Cir. 2011).

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the accompanying Declaration of Attorney Kamille R. Dean, documents and pleadings previously filed with this Court, and any and all evidence Defendants may present on any hearing on this Motion.

Because the issues here are inextricably intertwined with issues as to the conflicts of

---

[1] Defense counsel respectfully submit this Memorandum in good faith and are ethically and legally obligated to raise this claim now because if they did not, they would be engaging in ineffective assistance of counsel under Ninth Circuit law. *United States v. Withers*, 638 F.3d 1055, 1065 (9th Cir. 2011) ("Again assuming that his public trial claim was viable, his counsel's failure to raise it almost certainly prejudiced him").

interest inquiry before the Court and affect the inquiry, this Motion should be decided before or concurrent with the Court's inquiry as to conflicts of interest as to Mr. Omidi's counsel.

<div align="center"><em>Respectfully submitted,</em></div>

Dated: August 1, 2018                    Law Offices of Kamille Dean, PLC
                                         Law Offices of Roger Jon Diamond

                                         By: /s/ Kamille Dean
                                             Kamille Dean
                                             Roger Jon Diamond
                                             *Attorneys for Defendant*
                                             JULIAN OMIDI

JULIAN OMIDI'S MOTION TO DISMISS THE SUPERSEDING INDICTMENT FOR VIOLATION OF
THE FIFTH AMENDMENT DUE PROCESS CLAUSE, THE SIXTH AMENDMENT RIGHTS TO
CONFRONTATION AND TO A PUBLIC TRIAL; REQUEST FOR OTHER APPROPRIATE RELIEF

# TABLE OF CONTENTS

**Page(s)**

I.    INTRODUCTION .................................................................................. 1

II.   MR. OMIDI AND THE PUBLIC WERE EXCLUDED FROM A CRITICAL
      STAGE RESULTING IN A STRUCTURAL ERROR AND PREJUDICE ............ 1

      A.    The Court's July 6 Order Permitted ONLY Counsel and Appointed
            Counsel for SCM and IMS to Attend................................................. 1

      B.    Even If The Court's July 6 Order Permitted Mr. Omidi's Presence, Mr.
            Omidi Did Not Waive His Right to be Present................................. 3

JULIAN OMIDI'S MOTION TO DISMISS THE SUPERSEDING INDICTMENT FOR VIOLATION OF
THE FIFTH AMENDMENT DUE PROCESS CLAUSE, THE SIXTH AMENDMENT RIGHTS TO
CONFRONTATION AND TO A PUBLIC TRIAL; REQUEST FOR OTHER APPROPRIATE RELIEF

**TABLE OF CONTENTS:** (continued)                                    **Page(s)**

  D. If Mr. Omidi and his Counsel were Present, They Would have Objected and Responded to the Court's Concerns and Findings .................. 17

III. RIGHT TO A PUBLIC TRIAL .............................................................. 21

IV. RIGHT TO BE PRESENT AT ALL CRITICAL STAGES ................................. 22

  A. The Order violated Mr. Omidi's Right to be Present on July 10 .................. 22

■  ████████████████████████████████████████████

V. CONCLUSION ......................................................................... 25

DECLARATION OF ATTORNEY KAMILLE R. DEAN ............................................. 27

JULIAN OMIDI'S MOTION TO DISMISS THE SUPERSEDING INDICTMENT FOR VIOLATION OF
THE FIFTH AMENDMENT DUE PROCESS CLAUSE, THE SIXTH AMENDMENT RIGHTS TO
CONFRONTATION AND TO A PUBLIC TRIAL; REQUEST FOR OTHER APPROPRIATE RELIEF

# TABLE OF AUTHORITIES

**Page(s)**

<u>Cases</u>

**TABLE OF AUTHORITIES:** (continued)                                    **Page(s)**

JULIAN OMIDI'S MOTION TO DISMISS THE SUPERSEDING INDICTMENT FOR VIOLATION OF
THE FIFTH AMENDMENT DUE PROCESS CLAUSE, THE SIXTH AMENDMENT RIGHTS TO
CONFRONTATION AND TO A PUBLIC TRIAL; REQUEST FOR OTHER APPROPRIATE RELIEF

**TABLE OF AUTHORITIES:** (continued)                                    **Page(s)**

JULIAN OMIDI'S MOTION TO DISMISS THE SUPERSEDING INDICTMENT FOR VIOLATION OF
THE FIFTH AMENDMENT DUE PROCESS CLAUSE, THE SIXTH AMENDMENT RIGHTS TO
CONFRONTATION AND TO A PUBLIC TRIAL; REQUEST FOR OTHER APPROPRIATE RELIEF

**TABLE OF AUTHORITIES: (continued)**                              **Page(s)**

JULIAN OMIDI'S MOTION TO DISMISS THE SUPERSEDING INDICTMENT FOR VIOLATION OF
THE FIFTH AMENDMENT DUE PROCESS CLAUSE, THE SIXTH AMENDMENT RIGHTS TO
CONFRONTATION AND TO A PUBLIC TRIAL; REQUEST FOR OTHER APPROPRIATE RELIEF

# I.    INTRODUCTION

The Court must dismiss the Superseding Indictment (dkt. 12) against Defendant Julian Omidi ("Omidi"), for violations of (1) the Fifth Amendment Right to Due Process, (2) the Sixth Amendment Right to Confrontation and to a Public Trial, and (3) Federal Rule of Criminal Procedure 43. By excluding Mr. Omidi from the July 10, 2018 hearing, (dkt. 321 ("Mr. Paukert, Mr. Greenberg, and Mr. Cantalupo are ordered to appear ONLY," capitals in original order), Mr. Omidi was deprived his fundamental rights to be present at every critical stage, right to confront evidence against him, and right to a public trial, thereby resulting in structural error warranting dismissal of the Superseding Indictment.[2] The exclusion order (dkt. 321) and subsequent hearing have had a profound adverse impact on Mr. Omidi, his counsel, and his rights to a fair trial. While prejudice is unnecessary to show where there is a structural error, the prejudice to Mr. Omidi has been extensive.

# II.   MR. OMIDI AND THE PUBLIC WERE EXCLUDED FROM A CRITICAL STAGE RESULTING IN A STRUCTURAL ERROR AND PREJUDICE

## A.    THE COURT'S JULY 6 ORDER PERMITTED <u>ONLY</u> COUNSEL AND APPOINTED COUNSEL FOR SCM AND IMS TO ATTEND

In response to Defense's objections to the July 10 hearing, the Court stated:

[A]lthough the minute order that set that [the July 10] hearing was perhaps inartfully worded, the hearing was at the request of corporate independent counsel in order to obtain clarification regarding my concerns. Because they were the ones who were requesting that clarification, **the intent** was to say that only corporate counsel needed to attend, that **was not to exclude any other attorneys who were pertinent or parties pertinent to the conflicts inquiry if she had wished to appear**. That perhaps was not quite as clear as it should have been, but the upshot of it is that that hearing was relatively brief. (Exh. 1, 7/18/18 RT, at 7 (emphasis added).)

However, the Court's July 6 order plainly stated that appearance was *limited* to retained counsel Mr. George Paukert, for Surgery Center Management, LLC, ("SCM") and Independent Medical Services, Inc. ("IMS"), and appointed counsel Stanley Greenburg for IMS, and Dominic Cantalupo for SCM "ONLY":

JULIAN OMIDI'S MOTION TO DISMISS THE SUPERSEDING INDICTMENT FOR VIOLATION OF
THE FIFTH AMENDMENT DUE PROCESS CLAUSE, THE SIXTH AMENDMENT RIGHTS TO
CONFRONTATION AND TO A PUBLIC TRIAL; REQUEST FOR OTHER APPROPRIATE RELIEF

> (IN CHAMBERS) ORDER by Judge Dolly M. Gee as to Defendant Independent Medical Services, Inc., Surgery Center Management, LLC. The Court hereby sets a status conference on July 10, 2018 at 10:00 a.m. Mr. Paukert, Mr. Greenberg, and Mr. Cantalupo are ordered to appear ONLY. IT IS SO ORDERED.

(Dkt. 321, 7/6/18 Order (Capitals in original).) As explained in *Lang v. DirecTV, Inc.*,

> Court orders are construed in the same manner as other written documents and contracts. Thus, if the language in an order is clear, then the literal meaning of the language in the order controls. As in the law of contracts, in construing a court order, a court will give the words in an order "their ordinary and customary meaning." Thus, orders, like any other written instrument, will be enforced according to their "plain meaning" and "courts called upon to interpret orders should construe the language in the order in light of its usual, natural, and ordinary meaning." "The use of the 'plain and ordinary meaning' standard to interpret orders assures that litigants will be treated fairly."

*Lang v. DirecTV, Inc.*, No. CV 10-1085, 2014 WL 12719431, at \*3 (E.D. La. Jan. 16, 2014) (*citing* 56 Am. Jur. 2d. Motions, Rules, and Orders, § 48); *see also In re Tomlin*, 914 F.2d 258 (6th Cir. 1990) ("In construing this order, [courts] must give the words their 'usual, natural and ordinary meaning.'") (citation omitted).

Here, the Court's order expressly used the word "ONLY" in all capitalized letters emphasizing that the July 10 hearing would be exclusively limited to appointed and retained counsel for SCM and IMS, *and no one else*, because the "ordinary and customary meaning". *Lang*, 2014 WL 12719431, at \*3, of the word "only" is "[s]olely; merely; for no other purpose; at no other time; in no otherwise; alone; of or by itself; without anything more; exclusive; nothing else or more." Black's Law Dictionary 751 (6th ed. 1991); *see also* Merriam-Webster's Collegiate Dictionary Tenth Edition (1993) (defining the word "only" to mean "as a single fact or instance and nothing more or different: merely").[3] Thus,

---

[3] *See also Fournier v. Kattar*, 238 A.2d 12, 16-17 (N.H. 1968) ("The word 'only' means 'only'. It means to the exclusion of all else."); *People ex rel. N.R.*, 139 P.3d 671, 683 (Colo. 2006) (construing a statute that dealt with the circumstances under which a district attorney could be disqualified and holding that "[t]he word 'only' in the statute represents an unequivocal statement that this list is meant to be exhaustive") (emphasis added); *In re Weld's Estate*, 50 N.E.2d 275, 276 (Ohio App. 1942) (noting that the word "only" means "[n]o or nothing more or other than: for no other purpose, at no other time, in no other wise, etc., than;"); *Mena Films, Inc. v. Painted Zebra Productions, Inc.*, 2006 WL 2919517, \*2 (N.Y.Supp. 2006) (noting that "exclusive and

JULIAN OMIDI'S MOTION TO DISMISS THE SUPERSEDING INDICTMENT FOR VIOLATION OF THE FIFTH AMENDMENT DUE PROCESS CLAUSE, THE SIXTH AMENDMENT RIGHTS TO CONFRONTATION AND TO A PUBLIC TRIAL; REQUEST FOR OTHER APPROPRIATE RELIEF

by definition, the Court's order expressly excluded Mr. Omidi, his retained counsel, (Roger Jon Diamond and Kamille Dean), Mr. Omidi's appointed counsel, (Angel Navarro), Jamie Hidalgo, who is the officer for SCM and IMS, and the public from the July 10 hearing.

Hence, no reasonable person or attorney would have interpreted the order as meaning anything other than as meaning that "Mr. Paukert, Mr. Greenberg, and Mr. Cantalupo are ordered to appear ONLY." (Dkt. 321, 7/6/18 Order, capitals in original.)

Furthermore, as explained below, at the July 10 hearing, the Court made substantive comments to Messrs. Cantalupo, Greenberg, and Paukert, ████████████████ ███████████████████████████████████████████████████████████████The plain meaning of the order was to exclude everyone except Messrs. Greenberg, Cantalupo, and Paukert, resulting in (1) structural error, (2) significant prejudice to Mr. Omidi, and (3) violations of Mr. Omidi's Fifth and Sixth Amendment rights.

## B.  EVEN IF THE COURT'S JULY 6 ORDER PERMITTED MR. OMIDI'S PRESENCE, MR. OMIDI DID NOT WAIVE HIS RIGHT TO BE PRESENT

Mr. Omidi did not waive his right to be present at a critical stage of the criminal proceedings by being absent, especially in light of the Court's admission that the order "was perhaps inartfully worded" and "was not quite as clear as it should have been," (Exh. 1, 7/18/18 RT, at 7.) The Court should have halted proceeding when Mr. Omidi did not appear, and required Mr. Omidi and Mr. Hidalgo to be present. However, that did not happen. As explained in *United States v. Yannai*,

> A waiver is ordinarily an intentional relinquishment or abandonment of a known right or privilege. The determination of whether there has been an intelligent waiver ... must depend, in each case, upon the particular facts and circumstances surrounding that case.... the district court ordinarily must conduct an inquiry on the record to determine whether the defendant has a sound excuse for his absence, or

---

mandatory forum selection clauses must have language (e.g., the word 'only') that 'mandates that the designated courts are the only ones which have jurisdiction'"); *Akin v. Missouri Gaming Com'n*, 956 S.W.2d 261, 263 (Mo. 1997) ("The word 'only' means 'exclusively, solely.' "); *In re Weld's Estate*, 71 Ohio App. 497, 499, 50 N.E.2d 275, 276 (1942) ("The word 'only' is defined in Webster's New International Dictionary, Second Edition, as follows: '1. No or nothing more or other than; for no other purpose, at no other time, in no other wise, etc., than; exclusively; solely; merely; as, only this remained'").

whether instead the defendant's absence ... was, in fact, knowing and voluntary. The defendant's absence on the date in question must be appraised in the revealing light of what went on before and after that date.

*United States v. Yannai*, 791 F.3d 226, 240 (2d Cir. 2015) (citation and quotations omitted).

Here, as the Court admits, the order "was perhaps inartfully worded" and "was not quite as clear as it should have been," (Exh. 1, 7/18/18 RT, at 7), and, as such, Mr. Omidi's counsel did not object to the order, because counsel reasonably assumed that Mr. Omidi and counsel were excluded. (Dkt. 321 ("Mr. Paukert, Mr. Greenberg, and Mr. Cantalupo are ordered to appear ONLY," capitals in original order).) Also, Mr. Omidi's counsel reasonably believed the July 10 hearing would be a status conference, and nothing else, in "light of what went on before," the Court issued its order—namely, the Court had just ruled on the government's *ex parte* application for clarification and reconsideration of the use of federal funds for appointed counsel (dkt. 318). It was only after receiving a transcript of the July 10 hearing when Mr. Omidi's counsel discovered the July 10 hearing was a hearing in which the Court extensively discussed conflicts regarding Mr. Omidi's current counsel. Accordingly, Mr. Omidi has *not* waived his right to be present at a critical stage of the criminal proceedings by absenting himself.

JULIAN OMIDI'S MOTION TO DISMISS THE SUPERSEDING INDICTMENT FOR VIOLATION OF
THE FIFTH AMENDMENT DUE PROCESS CLAUSE, THE SIXTH AMENDMENT RIGHTS TO
CONFRONTATION AND TO A PUBLIC TRIAL; REQUEST FOR OTHER APPROPRIATE RELIEF

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JULIAN OMIDI'S MOTION TO DISMISS THE SUPERSEDING INDICTMENT FOR VIOLATION OF
THE FIFTH AMENDMENT DUE PROCESS CLAUSE, THE SIXTH AMENDMENT RIGHTS TO
CONFRONTATION AND TO A PUBLIC TRIAL; REQUEST FOR OTHER APPROPRIATE RELIEF

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JULIAN OMIDI'S MOTION TO DISMISS THE SUPERSEDING INDICTMENT FOR VIOLATION OF
THE FIFTH AMENDMENT DUE PROCESS CLAUSE, THE SIXTH AMENDMENT RIGHTS TO
CONFRONTATION AND TO A PUBLIC TRIAL; REQUEST FOR OTHER APPROPRIATE RELIEF

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JULIAN OMIDI'S MOTION TO DISMISS THE SUPERSEDING INDICTMENT FOR VIOLATION OF
THE FIFTH AMENDMENT DUE PROCESS CLAUSE, THE SIXTH AMENDMENT RIGHTS TO
CONFRONTATION AND TO A PUBLIC TRIAL; REQUEST FOR OTHER APPROPRIATE RELIEF

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. CR 17-00661(A)-DMG          10

JULIAN OMIDI'S MOTION TO DISMISS THE SUPERSEDING INDICTMENT FOR VIOLATION OF
THE FIFTH AMENDMENT DUE PROCESS CLAUSE, THE SIXTH AMENDMENT RIGHTS TO
CONFRONTATION AND TO A PUBLIC TRIAL; REQUEST FOR OTHER APPROPRIATE RELIEF

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JULIAN OMIDI'S MOTION TO DISMISS THE SUPERSEDING INDICTMENT FOR VIOLATION OF
THE FIFTH AMENDMENT DUE PROCESS CLAUSE, THE SIXTH AMENDMENT RIGHTS TO
CONFRONTATION AND TO A PUBLIC TRIAL; REQUEST FOR OTHER APPROPRIATE RELIEF

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JULIAN OMIDI'S MOTION TO DISMISS THE SUPERSEDING INDICTMENT FOR VIOLATION OF
THE FIFTH AMENDMENT DUE PROCESS CLAUSE, THE SIXTH AMENDMENT RIGHTS TO
CONFRONTATION AND TO A PUBLIC TRIAL; REQUEST FOR OTHER APPROPRIATE RELIEF

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JULIAN OMIDI'S MOTION TO DISMISS THE SUPERSEDING INDICTMENT FOR VIOLATION OF
THE FIFTH AMENDMENT DUE PROCESS CLAUSE, THE SIXTH AMENDMENT RIGHTS TO
CONFRONTATION AND TO A PUBLIC TRIAL; REQUEST FOR OTHER APPROPRIATE RELIEF

JULIAN OMIDI'S MOTION TO DISMISS THE SUPERSEDING INDICTMENT FOR VIOLATION OF
THE FIFTH AMENDMENT DUE PROCESS CLAUSE, THE SIXTH AMENDMENT RIGHTS TO
CONFRONTATION AND TO A PUBLIC TRIAL; REQUEST FOR OTHER APPROPRIATE RELIEF

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JULIAN OMIDI'S MOTION TO DISMISS THE SUPERSEDING INDICTMENT FOR VIOLATION OF
THE FIFTH AMENDMENT DUE PROCESS CLAUSE, THE SIXTH AMENDMENT RIGHTS TO
CONFRONTATION AND TO A PUBLIC TRIAL; REQUEST FOR OTHER APPROPRIATE RELIEF

1    some █████████████████████████████████████████████

2    ███████████████████████████████████████████████████

3    ███████████████████████████████████████████████████

4    ████████████████████████████████████████████████████

5    ████████████████████████████████████████████████████

6    ████████████████████████████████████████████████

7    ██████████████████████████████████████████████

8    ███████████████████████████████████████████████████

9    ████████████████████████████████████████████████

10   █████████████████████████████████████████████████

11   ████████████████████████████████████████████████

12   █████████████████████████████████████████████████

13      ██████████████████████████████████████████████

14   ███████████████████████████████████████████

15   ████████████████████████████████████████████

16   ███████████████████████████████████████████████████

17   ██████████████████████████████████████████████████

18   ███████████████████████████████████████████████████

19   ██████████████████████████████████

20    ██   ███████ █████ ██████ ████ ███████████ ████ █

21      ███████ ███ ██████ ██████ ████ ██████ ████ ███████

22    ███████████████████████████████████████████████████

23   ████████████████████████████████████

24      ─────────────

25   █ ███████████████████████████████████████████████████

26   ████████████████████████████████████████████████████

27   ████████████████████████████████████████████████████

28   ████████████████████████████████████████████████████
      ██████████████████████ .

Case No. CR 17-00661(A)-DMG          16

JULIAN OMIDI'S MOTION TO DISMISS THE SUPERSEDING INDICTMENT FOR VIOLATION OF
THE FIFTH AMENDMENT DUE PROCESS CLAUSE, THE SIXTH AMENDMENT RIGHTS TO
CONFRONTATION AND TO A PUBLIC TRIAL; REQUEST FOR OTHER APPROPRIATE RELIEF



JULIAN OMIDI'S MOTION TO DISMISS THE SUPERSEDING INDICTMENT FOR VIOLATION OF
THE FIFTH AMENDMENT DUE PROCESS CLAUSE, THE SIXTH AMENDMENT RIGHTS TO
CONFRONTATION AND TO A PUBLIC TRIAL; REQUEST FOR OTHER APPROPRIATE RELIEF

JULIAN OMIDI'S MOTION TO DISMISS THE SUPERSEDING INDICTMENT FOR VIOLATION OF
THE FIFTH AMENDMENT DUE PROCESS CLAUSE, THE SIXTH AMENDMENT RIGHTS TO
CONFRONTATION AND TO A PUBLIC TRIAL; REQUEST FOR OTHER APPROPRIATE RELIEF





JULIAN OMIDI'S MOTION TO DISMISS THE SUPERSEDING INDICTMENT FOR VIOLATION OF
THE FIFTH AMENDMENT DUE PROCESS CLAUSE, THE SIXTH AMENDMENT RIGHTS TO
CONFRONTATION AND TO A PUBLIC TRIAL; REQUEST FOR OTHER APPROPRIATE RELIEF

1

## III.   RIGHT TO A PUBLIC TRIAL

The Sixth Amendment provides, in relevant part, that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." The Sixth Amendment right to a public trial extends beyond the actual proof presented at a trial.

*United States v. Cazares*, 788 F.3d 956, 968 (9th Cir. 2015) (*citing Waller v. Georgia,* 467 U.S. 39, 44–47 (1984)). "[V]iolation of the public trial right is a structural error." *United States v. Withers*, 638 F.3d 1055, 1065 (9th Cir. 2011) (*citing Waller,* 467 U.S. at 49-50 and *Campbell v. Rice*, 408 F.3d 1166, 1171–1172 (9th Cir. 2005) (violation of right to public trial is constitutional error requiring automatic reversal because of structural defect)). "The public trial guarantee was, after all, 'created for the benefit of the defendant,' and '[t]here could be no explanation for barring the accused from raising a constitutional right that is unmistakably for his or her benefit.'" *United States v. Rivera*, 682 F.3d 1223, 1229 (9th Cir. 2012) (*quoting Presley v. Georgia*, 558 U.S. 209, 213 (2010)).

██████████████████████████████████████████ *See Press-Enterprise Co. v. Superior Court of California (Press-Enterprise II)*, 478 U.S. 1, 13-14 (1986) ("proceedings cannot be closed unless specific, on the record findings are made" showing closure essential and narrowly tailored). Further, the Court failed to consider less restrictive alternatives. *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 580-81 (1980); *Press-Enterprise II*, 478 U.S. at 13-14. Nor did the Court make any findings on the record about closure, which was a constitutional error. *Waller*, 467 U.S. at 45, 48 (findings must be sufficient to support closure); *Press-Enterprise I*, 464 U.S. 501, 510 (1984) (findings must be sufficiently specific for appellate review); *Richmond Newspapers*, 448 U.S. at 581 ("Absent an overriding interest articulated in findings, the trial of a criminal case must be open to the public").

"A district court violates a defendant's right to a public trial when it totally closes the courtroom to the public, for a non-trivial duration, without first complying with the four requirements established by the Supreme Court's *Press–Enterprise* and *Waller* decisions." *Withers*, 638 F.3d at 1063. ██████████████████████████

1 ████████████████████████████████████████████████████████

2 ████████████████████████████████████████████

3 ███████████████████████████████████████████████

4 ████████████████████████████████████████████████

5 █████████████████████████████████████ dismissal is necessary

6 because a structural error has occurred. The violation of the right to a public trial occurred

7 at a critical stage with concomitant significant prejudice to Mr. Omidi requiring dismissal.

## IV.    RIGHT TO BE PRESENT AT ALL CRITICAL STAGES

### A.    THE ORDER VIOLATED MR. OMIDI'S RIGHT TO BE PRESENT ON JULY 10

A criminal defendant has a federal constitutional right, under the Confrontation

Clause of the Sixth Amendment and the Due Process Clauses of the Fifth Amendment, "to

be present at all stages of the trial where his absence might frustrate the fairness of the

proceedings." *Faretta v. California*, 422 U.S. 806, 819-20 n.15 (1975); *Hovey v. Ayers*,

458 F.3d 892, 901 (9th Cir. 2006) ("A critical stage is a 'stage of a criminal proceeding

where substantial rights of a criminal accused may be affected.'") (citation omitted). *A

fortiori*, any hearing that threatens a defendant's Sixth Amendment right to representation

by retained counsel—such as the July 10 hearing in which Mr. Omidi and his counsel were

excluded (dkt. 321)—is a "critical stage" of the criminal proceeding, requiring the

defendant's presence. *Kentucky v. Stincer*, 482 U.S. 730, 735, 745 (1987) (right to presence

if it would "contribute to the fairness of the procedure"); *United States v. Gagnon*, 470

U.S. 522, 526 (1985) (right to presence if fair and just hearing would be thwarted by

defendant's absence); *United States v. Rosales-Rodriguez*, 289 F.3d 1106, 1109 (9th Cir.

2002) ("A defendant has the right to be present at every stage of the trial," and that right is

"both constitutional and statutory."), *cert. denied*, 537 U.S. 1061 (2002); Fed.R.Crim.P.

43(a). Fed.R.Crim.P. 43 provides broader protection of this right to presence than does the

constitution. *See United States v. Brown*, 571 F.2d 980, 986 (6th Cir. 1978).

*United States v. Hamilton*, 391 F.3d 1066 (9th Cir. 2004) illustrates that the

exclusion of Mr. Omidi and his counsel from the July 10 hearing was a structural error.

1   There, Hamilton and his counsel, without waiver and through no fault of their own, were

2   absent from the second of two hearings on a motion to suppress; the motion was denied,

3   and the defendant thereafter convicted. On appeal, for the first time, Hamilton argued that

4   the hearing had been conducted in violation of his Sixth Amendment rights. The Ninth

5   Circuit reversed, noting that the defendant's right to be present with counsel extends to all

6   critical stages of the proceedings. *Id.*, at 1070, *citing United States v. Wade*. 388 U.S. 218,

7   224 (1967). The *Hamilton* court made clear that where counsel and the defendant are

8   excluded from a critical stage, the defendant need not prove the error was prejudicial:

9   > Where counsel is absent during a critical stage, the defendant need not show
10  > prejudice. Rather, prejudice is presumed, "because the adversary process itself has
11  > become presumptively unreliable." *Roe v. Flores–Ortega,* 528 U.S. 470, 483, 120
    > S.Ct. 1029, 145 L.Ed.2d 985 (2000) (quoting *Cronic,* 466 U.S. at 659, 104 S.Ct.
12  > 2039) (quotation marks omitted).

13  > Nor does harmless error analysis apply. Unlike ordinary trial errors, "structural
    > defects in the constitution of the trial mechanism ... defy analysis by harmless-error
14  > standards." *Arizona v. Fulminante,* 499 U.S. 279, 309, 111 S.Ct. 1246, 113 L.Ed.2d
15  > 302 (1991) (internal quotation marks omitted). The Supreme Court has recognized
    > that the Sixth Amendment right to counsel is among those "constitutional rights so
16  > basic to a fair trial that their infraction can never be treated as harmless error,"
    > *Chapman v. California,* 386 U.S. 18, 23 & n. 5, 87 S.Ct. 824, 17 L.Ed.2d 705
17  > (1967). As previously observed, the Sixth Amendment guarantee applies to all
    > "critical" stages of the proceedings. *Wade,* 388 U.S. at 224, 87 S.Ct. 1926. Thus the
18  > absence of counsel during a critical stage of a criminal proceeding is precisely the
19  > type of "structural defect" to which no harmless-error analysis can be applied.
    > Moreover, "[w]hen no counsel is provided, or counsel is prevented from discharging
20  > his normal functions"—including the elementary function of being present
    > throughout a critical stage of a prosecution—"the evil lies in what the attorney does
21  > not do, and is either not readily apparent on the record, or occurs at a time when no
22  > record is made. Thus an inquiry into a claim of harmless error here would require,
    > unlike most cases, unguided speculation." *Cooper v. Fitzharris,* 586 F.2d 1325, 1332
23  > (9th Cir.1978) (en banc) (quoting *Holloway v. Arkansas,* 435 U.S. 475, 491, 98 S.Ct.
24  > 1173, 55 L.Ed.2d 426 (1978)) (internal quotation marks omitted).

25  It follows from these principles that the hearing on Hamilton's motion to suppress (at

26  least the portions of the consolidated proceedings in which evidence relating to

27  Hamilton's case was heard) was a critical stage of his prosecution. Therefore, when

    the government attorney questioned the searching officer on redirect about

28  Hamilton's case, his Sixth Amendment rights were implicated. The absence of

1
2
3

Hamilton's attorney from the hearing on Hamilton's suppression motion constituted a denial of counsel at a critical stage of the proceeding. Absent an intelligent waiver by Hamilton of his right to counsel, the proceedings were tainted by a "structural defect" and harmless error analysis is therefore inapplicable.

4  *United States v. Hamilton*, 391 F.3d 1066, 1070-71 (9th Cir. 2004); *see also Hegler v.*

5  *Borg*, 50 F.3d 1472, 1476 (9th Cir. 1995) ("a defendant's absence from certain stages of a

6  criminal proceeding may so undermine the integrity of the trial process that the error will

7  necessarily fall within that category of cases requiring automatic reversal"); *Rice v. Wood*,

8  77 F.3d 1138, 1141 (9th Cir. 1996) (en banc) (structural error occurs where defendant was

9  excluded from criminal proceedings at which he had an "active role to play").

10 ████████████████████████████████████████

11 ████████████████████████████████████████████

12 ████████████████████████████████████████

13 ████████████████████████████████████████████

14 ████████████████████████████████████████

15 ████████████████████████████████████████

16 ████████████████████████████████████████

17 █████████████████████████████████████████████

18 ████████████████████████████████████████

19 ████████████████████████████████████████

20 ██████████████████████████████

21 ██  ████████ ██████ ████████████        ████ ████████

22 ████████████████████████████████████████████

23 ████████████████████████████████████████

24 ██████████████████████████████████

25 ████████████████████████████████████████████

26 ████████████████████████████████████

27 ████████████████████████████████████

28 ████████████████████████████████████████████

JULIAN OMIDI'S MOTION TO DISMISS THE SUPERSEDING INDICTMENT FOR VIOLATION OF THE FIFTH AMENDMENT DUE PROCESS CLAUSE, THE SIXTH AMENDMENT RIGHTS TO CONFRONTATION AND TO A PUBLIC TRIAL; REQUEST FOR OTHER APPROPRIATE RELIEF

1 ████████████████████████████████████████████████

2 ████████████████████████████████████████████

3 ████████████████████████████████████████████

4 ████████████████████████. *Hamilton*, 391 F.3d at 1070 ("[T]he absence

5 of counsel during a critical stage of a criminal proceeding is precisely the type of

6 'structural defect' to which no harmless-error analysis can be applied.") (citation omitted).

7 **V.    CONCLUSION**

8     Given the foregoing, the Court should issue an order dismissing the Superseding

9 Indictment against Mr. Omidi. The July 10, 2018, hearing was a critical stage of the

10 proceedings where Mr. Omidi and his counsel were excluded without justification. The

11 Court discussed substantive matters which have irreparably affected and prejudiced the

12 proceedings. ████████████████████████████████████████

13 ████████████████████████████████ compromised Mr.

14 Omidi's right to counsel, his right to due process, right to be present at every critical stage,

15 and right to confrontation of evidence against him.

16     The Court should issue an order dismissing the Superseding Indictment against Mr.

17 Omidi. Given that the proceedings are still in the early stages, no substantial motions have

18 been heard, and trial is far away, a dismissal now would best serve the interests of justice

19 so that constitutional errors resulting from the July 10, hearing do not infect the future

20 proceedings and trial. Should the Court deny this Motion, the Defense respectfully requests

21 the certification of the issues presented for immediate appeal.

22     *Respectfully submitted*,

23  Dated: August 1, 2018              Law Offices of Kamille Dean, PLC

24                                     Law Offices of Roger Jon Diamond

25

26                                     By: /s/ Kamille Dean

27                                        Kamille Dean
                                          Roger Jon Diamond

28                                        *Attorneys for Defendant*
                                        JULIAN OMIDI

## DECLARATION OF ATTORNEY KAMILLE R. DEAN

I, Kamille R. Dean, declare and say:

(1)    I am an attorney at law duly authorized to practice law in the U.S. Central District Court in the State of California. I am an attorney at law and counsel of record for Defendant, Julian Omidi, ("Omidi"), in this matter *stylized* as *United States v. Julian Omidi, et al.*, Case No. CR 17-00661(A)-DMG. I have personal knowledge of the facts set forth in this declaration and could and would competently testify thereto if called as a witness in this action.

(2)    Exhibit 1 is true and correct copy of the July 18, 2018 Hearing transcript.

(3)    Exhibit 2 is true and correct copy of the July 10, 2018 Hearing transcript.

(4)    Exhibit 3 is true and correct copy of the June 13, 2018 Hearing transcript.

(5)    Exhibit 4 is a true and correct copy of the George Paukert July 30, 2018 Declaration.

(6)    Exhibit 5 is a true and correct copy of the Jamie Hidalgo August 1, 2018 Declaration.

(7)    Mr. Omidi has *not* and did not waive his right to be present at any stage of the criminal proceedings, including the July 10, 2018 hearing in this matter which was a critical stage of the criminal proceeding.

(8)    I did not attend the Court's July 6, 2018 hearing because the Court's use of the words "ONLY" in capital letters in the Order clearly stated that Mr. Omidi and I were excluded, and I did not want to disrespect the Court's orders or have the Court to hold me in contempt for violating that prohibition on appearance. (Dkt. 321 ("Mr. Paukert, Mr. Greenberg, and Mr. Cantalupo are ordered to appear ONLY," capitals in original order).)

(9)    I believed the July 10 hearing would be a status conference, and nothing else, based on the Court's order for a status conference (dkt. 321).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

JULIAN OMIDI'S MOTION TO DISMISS THE SUPERSEDING INDICTMENT FOR VIOLATION OF
THE FIFTH AMENDMENT DUE PROCESS CLAUSE, THE SIXTH AMENDMENT RIGHTS TO
CONFRONTATION AND TO A PUBLIC TRIAL; REQUEST FOR OTHER APPROPRIATE RELIEF

1       I declare under penalty of perjury, under the laws of the State of California, that the

2  foregoing is true and correct and that this declaration was executed on August 1, 2018 at

3  Los Angeles, California.

4                     /s/Kamille R. Dean

5                      Kamille R. Dean

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JULIAN OMIDI'S MOTION TO DISMISS THE SUPERSEDING INDICTMENT FOR VIOLATION OF
THE FIFTH AMENDMENT DUE PROCESS CLAUSE, THE SIXTH AMENDMENT RIGHTS TO
CONFRONTATION AND TO A PUBLIC TRIAL; REQUEST FOR OTHER APPROPRIATE RELIEF

CERTIFICATE OF SERVICE

I hereby certify that, on August 1, 2018, I electronically filed the following document(s) with the Clerk of the Court for the United States District Court for the Central District of California, by using the district court's CM/ECF system:

JULIAN OMIDI'S MOTION TO DISMISS THE SUPERSEDING INDICTMENT FOR VIOLATING THE FIFTH AMENDMENT DUE PROCESS CLAUSE AND THE SIXTH AMENDMENT RIGHT TO CONFRONTATION CLAUSE; REQUEST FOR OTHER APPROPRIATE RELIEF

I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the district court's CM/ECF system.

*s/ Kamille Dean*
Kamille R. Dean, Esq.

JULIAN OMIDI'S MOTION TO DISMISS THE SUPERSEDING INDICTMENT FOR VIOLATION OF
THE FIFTH AMENDMENT DUE PROCESS CLAUSE, THE SIXTH AMENDMENT RIGHTS TO
CONFRONTATION AND TO A PUBLIC TRIAL; REQUEST FOR OTHER APPROPRIATE RELIEF