TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
KRISTEN A. WILLIAMS (Cal. Bar No. 263594)
Deputy Chief, Major Frauds Section
CATHY J. OSTILLER (Cal. Bar No. 174582)
Senior Litigation Counsel
ALEXANDER C.K. WYMAN (Cal. Bar No. 295339)
Assistant United States Attorneys
Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0526/6159/2435
     Facsimile: (213) 894-6269
     E-mail:    Kristen.Williams@usdoj.gov
                Cathy.Ostiller@usdoj.gov
                Alex.Wyman@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 17-00661(A)-DMG |
|---|---|
| Plaintiff, | GOVERNMENT'S OPPOSITION TO DEFENDANT MIRALI ZARRABI, M.D.'S *IN CAMERA* AND UNDER SEAL APPLICATION FOR PRESUMED SUBPOENAS DUCES TECUM; DECLARATION OF CATHY J. OSTILLER IN SUPPORT THEREOF |
| v. | |
| JULIAN OMIDI,<br>  aka "Combiz Omidi,"<br>  aka "Combiz Julian Omidi,"<br>  aka "Kambiz Omidi,"<br>  aka "Kambiz Beniamia Omidi,"<br>  aka "Ben Omidi,"<br>SURGERY CENTER MANAGEMENT, LLC,<br>and<br>MIRALI ZARRABI, M.D.,<br>  aka "Mirali Akba Ghandchi<br>     Zarrabi,"<br>  aka "M.A. Ghandchi Zarrabi,"<br><br>          Defendants. | |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys Kristen A. Williams, Cathy J. Ostiller, and Alexander C.K. Wyman, hereby files its opposition to defendant MIRALI ZARRABI, M.D.'s ("ZARRABI") <u>in camera</u> and under seal <u>ex parte</u> application for what the government presumes are subpoenas duces tecum. To the extent that ZARRABI seeks to use the requested subpoenas pursuant to Rule 17 of the Federal Rules of Criminal Procedure as discovery requests, the government objects to such subpoenas as an improper use of Rule 17 and asks the Court to deny ZARRABI's request. Alternatively, if the Court grants the requested subpoenas and to the extent any such subpoena seeks documents from a federal agency, the government asks that the U.S. Attorney's Office be allowed to consult with any such federal agency's representative about compliance with the subpoena.

///

///

///

This opposition is based upon the attached memorandum of points and authorities, the attached Declaration of Cathy J. Ostiller, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: June 24, 2021

Respectfully submitted,

TRACY L. WILKISON
Acting United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

         /s/
KRISTEN A. WILLIAMS
CATHY J. OSTILLER
ALEXANDER C.K. WYMAN
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**TABLE OF CONTENTS**

DESCRIPTION                                                                PAGE

**Contents**

MEMORANDUM OF POINTS AND AUTHORITIES ................................... 1

I.   INTRODUCTION ...................................................... 1

II.  ARGUMENT .......................................................... 2

    A.  The Government Has Standing to Oppose ZARRABI's Request ....... 2

    B.  General Requirements for a Rule 17 Subpoena ................... 5

    C.  A Rule 17(c) Subpoena Cannot Be Used To Seek Discovery ........ 6

    D.  Subpoenas Obtained Ex Parte and Under Seal Should Be Disclosed for Evaluation ............................................... 10

    E.  The Requested Subpoenas and Related Materials Should Be Unsealed and Disclosed to the Prosecution Team and Investigating Agents ........................................ 11

III. CONCLUSION ....................................................... 12

**TABLE OF AUTHORITIES**

DESCRIPTION                                                                PAGE

**Federal Cases**

Bowman Dairy Co. v. United States,
    341 U.S. 214 (1951) ........................................ 6, 7

Brady v. Maryland,
    373 U.S. 83 (1963) ........................................ 8, 10

Giglio v. United States,
    405 U.S. 150 (1972) ....................................... 8, 10

In re Grand Jury,
    619 F.2d 1022 (3d Cir. 1980) .................................. 3

United States v. Beckford,
    964 F. Supp. 1010 (E.D. Va. 1997) ..................... 9, 10, 11

United States v. Bran,
    2013 WL 1193338 (E.D. Va. Mar. 22, 2013) ..................... 10

United States v. Cuthbertson,
    651 F.2d 189 (3d Cir. 1981) ................................... 8

United States v. Eden,
    659 F.2d 1376 (9th Cir. 1981) ................................. 3

United States v. Fields,
    663 F.2d 880 (9th Cir. 1981) .................................. 8

United States v. Henthorn,
    931 F.2d 29 (9th Cir. 1991) .................................. 10

United States v. Hughes,
    895 F.2d 1135 (6th Cir. 1990) ............................... 4, 8

United States v. Jenkins,
    895 F. Supp. 1389 (D. Haw. 1995) ........................... 4, 11

United States v. MacKey,
    647 F.2d 898 (9th Cir. 1981) .................................. 7

United States v. Nixon,
    418 U.S. 683 (1974) ...................................... passim

United States v. Noriega,
    764 F. Supp. 1480 (S.D. Fla. 1991) ............................ 5

United States v. Orena,
    883 F. Supp. 849 (E.D.N.Y. 1995) .............................. 4

**TABLE OF AUTHORITIES (CONTINUED)**

DESCRIPTION                                                          PAGE

United States v. Raineri,
    670 F.2d 702 (7th Cir. 1982) ..................................... 3

United States v. Reed,
    726 F.2d 570 (9th Cir. 1984) ..................................... 7

United States v. Richardson,
    607 F.3d 357 (4th Cir. 2010) ..................................... 7

United States v. Ruedlinger,
    172 F.R.D. 453 (D. Kan. 1997) .................................... 3

United States v. Segal,
    276 F. Supp. 2d 896 (N.D. Ill. 2003) ............................. 4

United States v. Smith,
    245 F.R.D. 605 (N.D. Ohio 2007) .................................. 4

United States v. Vasquez,
    258 F.R.D. 68 (E.D.N.Y. 2009) .................................... 4

United States v. Whittig,
    250 F.R.D. 548 (D. Kan. 2008) .................................... 5

**Federal Statutes**

18 U.S.C. § 3500 .................................................... 8, 9

28 U.S.C. § 516 ..................................................... 2, 3

**Other Authorities**

Fed. R. Crim. P. 1 .................................................. 3

Fed. R. Crim. P. 16 ................................................. 6, 7

Fed. R. Crim. P. 17 ................................................. passim

Fed. R. Crim. P. 26.2 ............................................... 8

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

Defendant MIRALI ZARRABI, M.D. ("ZARRABI"), along with defendant Julian Omidi and two corporate entities, has been charged with participating in a wide-ranging fraud scheme conducted by the network of entities collectively known as "GET THIN," primarily through the sleep study program for which ZARRABI served as the interpreting physician.  The charges against ZARRABI largely stem from his failure to review or interpret sleep study reports that he permitted to be e-signed on his behalf.  These reports were falsified and submitted to insurance companies in support of requests for approval and millions of dollars in claims for GET THIN's sleep studies, Lap-Band surgeries, and continuous positive airway pressure ("CPAP") devices.  ZARRABI has been released on bond, and trial is currently scheduled for September 21, 2021, before this Court.

On June 17, 2021, ZARRABI filed under seal and in camera an ex parte application for leave to file what appears to be three documents.  (See Dkt. 1085 (Notice of Manual Filing re: ex parte application).)  The government does not know what the three documents are, but based on prior experience with such filings by criminal defense counsel in this District, and by ZARRABI's counsel in particular in at least one other case in this District, the government presumes that the three documents are trial subpoenas issued pursuant to Federal Rule of Criminal Procedure 17.  (See Declaration of Cathy J. Ostiller ("Ostiller Decl."), attached hereto, ¶ 2; United States v. Gabaee, CR 18-00331-GW, Dkt. 86 (Notice of Manual Filing), 87 (government's opposition), 108 (Notice of Manual Filing), 109 (government's opposition).)  The government asked

defense counsel if the documents were, in fact, Rule 17 subpoenas, but defense counsel refused to say, noting that "under the local rules, we cannot disclose the nature of the filing." (Ostiller Decl. ¶ 3.) Defense counsel also declined to identify the Local Rule(s) on which she was relying, noting that she could not do so "without revealing the nature of the filing." (Id.)

In an abundance of caution, the government now files this opposition to ZARRABI's ex parte application to provide authority to assist the Court in evaluating whether ZARRABI's under seal, in camera filing and the presumed Rule 17 subpoenas are appropriate. To the extent ZARRABI seeks to use the presumed subpoenas as discovery requests, the government objects to such subpoenas as an improper use of Rule 17 and asks the Court to deny ZARRABI's request for these subpoenas. Alternatively, if the Court grants the presumed request for subpoenas and to the extent any such subpoena seeks documents from a federal agency, the government asks that the U.S. Attorney's Office be allowed to consult with any such federal agency's representative about compliance with the subpoena.

**II. ARGUMENT**

    **A. The Government Has Standing to Oppose ZARRABI's Request**

As noted above, ZARRABI filed his presumed request for the subpoenas under seal and in camera, and thus, the government does not know the identity of the individuals or entities to which the subpoenas are directed (if the documents are, in fact, subpoenas). If any subpoena is directed to a federal agency, the government has standing to oppose the issuance of such subpoena. The Acting United States Attorney is the authorized representative of the United States and has authority to quash or oppose improper subpoenas issued to

2

employees of the United States. See 28 U.S.C. § 516 ("[T]he conduct of litigation in which the United States, an agency, or officer thereof is a party, or is interested . . . is reserved to officers of the Department of Justice, under the direction of the Attorney General."); Fed. R. Crim. P. 1(b)(1)(B) ("'Attorney for the government' means . . . a United States attorney or an authorized assistant."). When a federal government employee is subpoenaed, the U.S. Attorney's Office is the appropriate entity to appear on behalf of the agency in court. The role of the U.S. Attorney's Office in this regard has been recognized by the courts. See, e.g., United States v. Eden, 659 F.2d 1376, 1381 (9th Cir. 1981) (allowing the government, i.e., the U.S. Attorney's Office, to move to quash a defense subpoena served on the Department of Education); United States v. Ruedlinger, 172 F.R.D. 453, 455, 457 (D. Kan. 1997) (allowing the government, i.e., the U.S. Attorney's Office, to move to quash defense subpoenas served on Internal Revenue Service and Federal Bureau of Investigation employees).

To the extent these presumed subpoenas are issued to a third party, including a government witness, a non-federal law enforcement agency, or an individual or entity connected in some way to a government witness, the government still has standing to be heard as to whether the subpoenas are appropriate. A party to a criminal case "has standing to move to quash a subpoena addressed to another if the subpoena infringes upon the movant's legitimate interests." United States v. Raineri, 670 F.2d 702, 712 (7th Cir. 1982) (citing In re Grand Jury, 619 F.2d 1022, 1027 (3d Cir. 1980)). Federal courts have recognized the government's legitimate interest in quashing a defendant's subpoena based upon preventing an undue lengthening of

the trial, undue harassment of a witness, and prejudicial over-emphasis on a witness's credibility. See, e.g., id.; United States v. Segal, 276 F. Supp. 2d 896, 900 (N.D. Ill. 2003); United States v. Orena, 883 F. Supp. 849, 869 (E.D.N.Y. 1995); United States v. Jenkins, 895 F. Supp. 1389, 1393 (D. Haw. 1995).

Here, the government has standing based on its legitimate interest in preventing undue harassment of government witnesses and in ensuring the proper and efficient resolution of ZARRABI's trial in this matter. See, e.g., United States v. Hughes, 895 F.2d 1135, 1145-46 (6th Cir. 1990) (district court properly granted government's motion to strike Rule 17(c) subpoena to third party for pharmaceutical invoices "on the grounds that the requested documents were not relevant or admissible at trial, that the defendant was engaging in a 'fishing expedition,' and that the subpoena was oppressive and unreasonable"); United States v. Vasquez, 258 F.R.D. 68, 71-72 (E.D.N.Y. 2009) (finding that the government had standing to challenge the defendant's subpoena to county police department based in part on the fact that the government had a legitimate interest in preventing the defendant from using a subpoena to obtain discovery materials that would otherwise be protected from disclosure); United States v. Smith, 245 F.R.D. 605, 611 (N.D. Ohio 2007) (finding that the government had standing to challenge the defendant's subpoena to a Catholic Diocese for records of a Diocese Bishop where the Bishop was a government witness); Jenkins, 895 F. Supp. at 1391, 1393 (government had standing to move to quash subpoena for medical records of alleged rape victim based on government's interest in protecting victim against harassment).

Furthermore, standing is really a "non-issue" because the Court has a separate and independent "'interest in preserving the proper procedure prescribed by the Rules of Criminal Procedure, irrespective of the desires of the parties.'" United States v. Whittig, 250 F.R.D. 548, 551 (D. Kan. 2008) (citations omitted). "The Court must ensure that Rule 17(c) does not become a means of conducting general discovery, which is not permitted in criminal cases." Id.

**B.   General Requirements for a Rule 17 Subpoena**

Rule 17 of the Federal Rules of Criminal Procedure provides for the issuance of subpoenas to compel the testimony of witnesses at criminal proceedings and the production of evidentiary documents. Fed. R. Crim. P. 17. However, a subpoena duces tecum issued under Rule 17 has a limited purpose: to procure evidence that will be introduced at the attendant proceeding, usually trial. United States v. Nixon, 418 U.S. 683, 698-99 (1974).

In Nixon, the Supreme Court held that the proponent of the subpoena must "clear three hurdles: (1) relevancy; (2) admissibility; (3) specificity." Id. at 700. As courts have noted, the failure to show relevance, admissibility, and specificity indicates the requested Rule 17 subpoena is an impermissible fishing expedition. See, e.g., United States v. Noriega, 764 F. Supp. 1480, 1493 (S.D. Fla. 1991) ("If the moving party cannot reasonably specify the information contained or believed to be contained in the documents sought but merely hopes that something useful will turn up, this is a sure sign that the subpoena is being misused.").

Nixon further provides that, even upon a showing that the subpoena seeks relevant, admissible, and specific evidence, if the subpoenaing party requests pre-trial production, a court must also

5

consider whether the materials are "(2) . . . not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'" Nixon, 418 U.S. at 699-700.

It is clear that Rule 17(c) requires a showing of relevancy, admissibility, and specificity to support a subpoena for documents. Rule 17(c)(2) allows the Court to consider a motion to quash if the subpoena is unreasonable or oppressive. Upon the filing of a motion to quash, it is the defendant's burden to show the requested documents are relevant and admissible and the request is sufficiently specific. Nixon, 418 U.S. at 700. As discussed more fully below, ZARRABI cannot meet his burden if the presumed subpoenas are for a purpose beyond the scope of Rule 17, such as to gather "discovery" information. If the subpoenas are nothing more than "fishing expeditions," they are unreasonable and oppressive and should not be issued.

**C. A Rule 17(c) Subpoena Cannot Be Used To Seek Discovery**

Courts have long held that, given the detailed rules set forth in Rule 16 of the Federal Rules of Criminal Procedure regarding the government's disclosure obligations before and during trial, a defendant may not circumvent Rule 16 by seeking broader discovery through the use of Rule 17(c) subpoenas. As the Supreme Court long ago made clear in Bowman Dairy Co. v. United States, "[i]t was not intended by Rule 16 to give a limited right of discovery, and then by

6

Rule 17 to give a right of discovery in the broadest terms. . . . Rule 17(c) was not intended to provide an additional means of discovery." 341 U.S. 214, 220 (1951). As a result, Rule 17(c) subpoenas in general are not proper if "intended as a general 'fishing expedition.'" Nixon, 418 U.S. at 700. "[Rule 17's] chief innovation was to expedite the trial by providing a time and place before trial for the inspection of the subpoenaed materials." Bowman Dairy, 341 U.S. at 220. Therefore, any attempt to justify a subpoena as a method in order to obtain documents and objects "material to preparing the defense" pursuant to Rule 16(a)(1)(E)(i), is to no avail.

The Ninth Circuit in United States v. Reed, 726 F.2d 570, 577 (9th Cir. 1984), determined the district court properly quashed a Rule 17 subpoena where the defendant had sought entire arson investigation files, not specific documents. The Reed court stated, "Rule 17(c) was not intended as a discovery device, or to 'allow a blind fishing expedition seeking unknown evidence.'" Id. (quoting United States v. MacKey, 647 F.2d 898, 901 (9th Cir. 1981)). The Reed court also commented that the defendant did not establish relevance or admissibility of the subpoenaed files. The instant subpoena, like the one in Reed, may seek a large swath of documents (such as an employee's personnel file), not specific records. If the subpoena does seek a large variety of documents, it is unclear how such an array of documents would be admissible. See id.; see also United States v. Richardson, 607 F.3d 357, 368 (4th Cir. 2010) ("[T]he subpoena duces tecum is not intended to provide a means of pretrial discovery . . . .").

The Ninth Circuit does not stand alone in quashing Rule 17

subpoenas in those instances where a subpoena goes beyond those limited Nixon circumstances. Subpoenas seeking pre-trial discovery such as material otherwise governed by the Jencks Act, Brady v. Maryland, 373 U.S. 83 (1963), and Giglio v. United States, 405 U.S. 150 (1972), are routinely quashed. See, e.g., Nixon, 418 U.S. at 701 ("Generally, the need for evidence to impeach witnesses is insufficient to require its production in advance of trial."); United States v. Fields, 663 F.2d 880, 881 (9th Cir. 1981) (where defendant's purpose for seeking Rule 17(c) subpoena was to obtain impeachment material, subpoena was improper); Hughes, 895 F.2d at 1145-46 (finding a Rule 17(c) subpoena to a third party for impeachment material improper); United States v. Cuthbertson, 651 F.2d 189, 195 (3d Cir. 1981) (Rule 17(c) subpoenas not available to obtain exculpatory (Brady) material in possession of prosecution or hearsay evidence that could only be used for impeachment); see also Fed. R. Crim P. 17(h) (precluding from production via Rule 17 subpoena a witness's prior statements, which are governed by Rule 26.2 and the Jencks Act, 18 U.S.C. § 3500).

ZARRABI has the burden to establish admissibility of the materials, the relevance of the materials sought by the subpoena, and that the subpoena request is a specific one. Nixon, 418 U.S. at 700. Failure to establish any one of the elements specifically makes quashing the subpoena appropriate. Information in the possession, custody, and control of the government that falls under its Brady or Giglio disclosure obligations is not the type of material a Rule 17(c) subpoena was designed to reach. See Cuthbertson, 651 F.2d at 195.

Finally, if the information sought is actually an attempt to gain "discovery" that could potentially be disclosed in the discovery process, ZARRABI has not shown the information is not otherwise reasonably procurable in advance of trial, one of the Nixon components. Nixon, 418 U.S. at 699. In United States v. Beckford, 964 F. Supp. 1010 (E.D. Va. 1997), the district court issued 12 subpoenas ex parte and under seal. The government challenged seven of the subpoenas because, the government argued, they sought pre-trial discovery. The court acknowledged that "[t]he Government correctly notes that a Rule 17(c) subpoena duces tecum is improper where it calls for the production of Brady, Jencks, or Giglio material." Id. at 1031. As the court noted, materials subject to disclosure in discovery would not be materials the Nixon Court described as "not otherwise procurable reasonably in advance of trial." Id. at 1032.

In another case in this District, United States v. Norris, CR 12-450-JFW, involving a defendant's attempt to improperly use Rule 17 as a discovery tool, the Honorable John F. Walter, United States District Judge, issued an order denying an ex parte application requesting the issuance of the improper subpoenas. (See United States v. Norris, CR 12-450-JFW, Dkt. 28.) In that case, defendant sought "entire categories of documents instead of specific documents" and made no showing of the relevancy of the requested documents. (Id. at 2.) Such requests constituted discovery requests, and were not appropriate under Rule 17. As such, that defendant's application for the issuance of subpoenas was denied. (Id.)

Similarly, in United States v. Roach, et al., CR 12-165-PSG, also involving a defendant's attempt to improperly use Rule 17

9

subpoenas, the Honorable Philip S. Gutierrez, Chief United States District Judge, granted the United States' motion to quash the subpoenas as an improper use of Rule 17.  (See United States v. Roach, et al., CR 12-165-PSG, Dkt. 42, 49.)  In that case, as here, the defendant filed his subpoena requests under seal and in camera. Without knowing the identities of the entities to be served with subpoenas or the nature of the documents sought by the subpoenas, the government moved to quash the subpoenas to the extent they were improper under Rule 17, and the district court granted the government's motion.  (Id.)

In the instant case, ZARRABI's subpoena requests may implicate pre-trial discovery materials, including Brady/Giglio requests. Clearly, there is a process in place for ZARRABI to obtain his discovery.  If the subpoena is for a law enforcement officer or government employee witness and the subject of the subpoena is going to be called as a government witness at trial, the subpoena may be unnecessary as government trial counsel may have already requested or may request a review of records as part of the government's obligations under Giglio and United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991).

If ZARRABI's presumed request for subpoenas is an attempt to obtain otherwise discoverable materials, then the request should be denied.

### D. Subpoenas Obtained Ex Parte and Under Seal Should Be Disclosed for Evaluation

Ex parte (in camera) procedure with respect to the issuance of pre-trial subpoenas is authorized only in "exceptional circumstances."  Beckford, 964 F. Supp. at 1030; see also United

States v. Bran, 2013 WL 1193338, at *2 (E.D. Va. Mar. 22, 2013). "[A] party seeking to proceed ex parte will have to meet a heavy burden to proceed in that fashion." Beckford, 964 F. Supp. at 1030. "Ordinarily, ex parte procedure will be unnecessary and thus inappropriate." Id.

In this case, ZARRABI – ex parte, under seal, and with no notice to the government – appears to be seeking subpoenas to or related to government witnesses. In doing so, ZARRABI has effectively prevented the government from challenging these subpoenas in a precise and helpful manner before the Court. To the extent ZARRABI contends that disclosing his application for subpoenas would unfairly reveal his trial strategy, the government requests that only the subpoenas themselves be disclosed to allow argument and proper resolution of this matter. Cf. id. ("In most instances, it will not be necessary to disclose trial strategy, divulge witnesses or work product, or implicate a privacy right merely to make the application for issuance of a pre-trial subpoena duces tecum. And, a party seeking to proceed ex parte will have to meet a heavy burden to proceed in that fashion.").

### E. The Requested Subpoenas and Related Materials Should Be Unsealed and Disclosed to the Prosecution Team and Investigating Agents

The government also respectfully requests that this Court unseal the in camera request so that the assigned trial attorneys and investigating agents are able to participate in any further proceedings relating to the presumed subpoenas.[1] In the alternative,

---

[1] Moreover, Rule 17(c) contemplates that both parties should be allowed access to documents produced in response to a subpoena. See Fed. R. Crim. P. 17(c) ("When the items arrive, the court may permit
*(footnote cont'd on next page)*

11

if the matter is permitted to remain under seal and in camera, then the government requests that an Assistant United States Attorney who is not affiliated with the prosecution of this matter – and who would remain walled off from the trial team – be allowed to participate in litigation of this matter and be served with any reply filed to the government's opposition to ZARRABI's presumed in camera and under seal request for Rule 17 subpoenas.

### III. CONCLUSION

For the foregoing reasons, the government respectfully requests that this Court deny ZARRABI's presumed request for the issuance of Rule 17 subpoenas or, in the alternative, to the extent any such subpoena seeks documents from a federal agency, permit the U.S. Attorney's Office to consult with any such federal agency's representative about compliance with the subpoena.

---

the parties and their attorneys to inspect all or part of them." (emphasis added)); see also Jenkins, 895 F. Supp. at 1395 (holding that the court erred in failing to permit the government to examine the documents produced in response to the subpoenas ahead of trial). Accordingly, the Court should allow the government to inspect any documents produced in response to these presumed subpoenas.

12

**DECLARATION OF CATHY J. OSTILLER**

I, Cathy J. Ostiller, declare and state as follows:

1. I am an Assistant United States Attorney ("AUSA") for the Central District of California. Together with AUSAs Kristen A. Williams and Alexander C.K. Wyman, I represent the government in United States v. Julian Omidi, et al., CR 17-00661(A)-DMG. I make this declaration in support of the Government's Opposition to Defendant Mirali Zarrabi, M.D.'s In Camera and Under Seal Application For Presumed Subpoenas Duces Tecum.

2. Based on my experience prosecuting criminal cases in this District, I am aware that criminal defense counsel often submit, shortly in advance of trial, under seal and in camera requests for issuance of subpoenas pursuant to Federal Rule of Criminal Procedure 17. Based on my conversations with my colleagues, AUSAs Williams and Wyman, I am aware that they also are familiar with this practice from their own experiences prosecuting criminal cases in this District.

3. On June 22, 2021, I emailed Ivy Wang, Esq., counsel for defendant Mirali Zarrabi, M.D. ("ZARRABI"), and her co-counsel, Thomas O'Brien, Esq., Jennie Wang VonCannon, Esq., and David Carroll, Esq., and asked if the ex parte application that Ms. Wang had filed under seal and in camera on June 17, 2021 was for Rule 17 subpoenas. In her response that same day, Ms. Wang refused to say, noting that "[w]e would [say], but it appears that, under the local rules, we cannot disclose the nature of the filing." She also apologized and said that "we sincerely do not mean to be difficult." On June 23, 2021, I asked Ms. Wang if she could identify the Local Rule(s) on which she was relying. In response that same day, she declined,

noting that "[u]nfortunately I don't think we can without revealing the nature of the filing."

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration is executed at Los Angeles, California, on June 24, 2021.

*Cathy J. Ostiller*
_____
CATHY J. OSTILLER