1 │ TRACY L. WILKISON
   │ United States Attorney
2 │ SCOTT M. GARRINGER
   │ Assistant United States Attorney
3 │ Chief, Criminal Division
   │ KRISTEN A. WILLIAMS (Cal. Bar No. 263594)
4 │ Deputy Chief, Major Frauds Section
   │ ALI MOGHADDAS (Cal. Bar No. 305654)
5 │ DAVID H. CHAO (Cal. Bar No. 273953)
   │ DAVID C. LACHMAN (Cal. Bar No. 261711)
6 │ Assistant United States Attorneys
   │ Major Frauds/General Crimes Sections
7 │     1100 United States Courthouse
   │     312 North Spring Street
8 │     Los Angeles, California 90012
   │     Telephone: (213) 894-2400
9 │     Facsimile: (213) 894-6269
   │     E-mail:    Kristen.Williams@usdoj.gov
10 │                Ali.Moghaddas@usdoj.gov
   │                David.Chao@usdoj.gov
11 │                David.Lachman@usdoj.gov

12 │ Attorneys for Plaintiff
   │ UNITED STATES OF AMERICA

13 │
   │                 UNITED STATES DISTRICT COURT
14 │
   │           FOR THE CENTRAL DISTRICT OF CALIFORNIA
15 │
   │ UNITED STATES OF AMERICA,          No. CR 17-661(A)-DMG
16 │
   │           Plaintiff,              GOVERNMENT'S RESPONSE TO DEFENDANT
17 │                                   MIRALI ZARRABI'S PROPOSED JURY
   │              v.                   INSTRUCTION REGARDING LOST OR
18 │                                   DESTROYED EVIDENCE
   │ JULIAN OMIDI,
19 │   aka "Combiz Omidi,"             Hearing Date: December 8, 2021
   │   aka "Combiz Julian Omidi,"      Time:         9:00AM
20 │   aka "Kambiz Omidi,"             Location:     Courtroom of the
   │   aka "Kambiz Beniamia Omidi,"                  Hon. Dolly M. Gee
21 │   aka "Ben Omidi,"
   │ SURGERY CENTER MANAGEMENT, LLC,
22 │ and
   │ MIRALI ZARRABI, M.D.,
23 │   aka "Mirali Akba Ghandchi
   │         Zarrabi,"
24 │   aka "M.A. Ghandchi Zarrabi,"

25 │           Defendants.

26 │

27 │      Plaintiff United States of America, by and through its counsel

28 │ of record, the United States Attorney for the Central District of

1  California and Assistant United States Attorneys Kristen A. Williams,

2  Ali Moghaddas, David H. Chao, and David C. Lachman, hereby files its

3  Response to Defendant Mirali Zarrabi's Proposed Jury Instruction

4  Regarding Lost or Destroyed Evidence.

5

6   Dated: December 8, 2021            Respectfully submitted,

7                                      TRACY L. WILKISON
                                       United States Attorney
8
                                       SCOTT M. GARRINGER
9                                      Assistant United States Attorney
                                       Chief, Criminal Division
10

11             /s/
                                       ——————————————————————————
               KRISTEN A. WILLIAMS
12             ALI MOGHADDAS
               DAVID H. CHAO
13             DAVID C. LACHMAN
               Assistant United States Attorneys
14
               Attorneys for Plaintiff
15             UNITED STATES OF AMERICA

16

17

18

19

20

21

22

23

24

25

26

27

28

1

INSTRUCTION NO.

2

[DISPUTED INSTRUCTION – ZARRABI'S PROPOSED INSTRUCTION]

3

Lost or Destroyed Evidence

4

The government objects to defendant Zarrabi's requested

5 instruction regarding purported lost or destroyed evidence because it

6 is not warranted based on the trial record.

7

The Model Instruction instructs the jury that "[i]f you find

8 that the government ***intentionally*** [destroyed][failed to

9 preserve][insert description of evidence] that the government knew or

10 should have known would be evidence in this case, you may infer, but

11 are not required to infer, that this evidence was unfavorable to the

12 government."

13

"The rule governing sanctions for lost or destroyed evidence is

14 found in the controlling concurrence in United States v. Loud Hawk,

15 628 F.2d 1139 (9th Cir. 1979) (en banc) (Kennedy, J., concurring),

16 reversed on other grounds in United States v. W.R. Grace, 526 F.3d

17 499, 506 (9th Cir. 2008)."  United States v. Robertson, 895 F.3d

18 1206, 1213 (9th Cir. 2018); United States v. Sivilla, 714 F.3d 1168,

19 1173 (9th Cir. 2013).  Thus, an instruction concerning evidence lost

20 or destroyed by the government is a type of sanction for improper

21 government conduct.  It is appropriate only when the government has

22 engaged in some conduct that requires a remedy to address it.  More

23 specifically, a spoliation instruction is only appropriate when the

24 balance "between the quality of the Government's conduct and the

25 degree of prejudice to the accused" weighs in favor of the

26 defendant."  Loud Hawk, 628 F.2d at 1152.  "In assessing the quality,

27 or 'culpability,' of the government's conduct, [the Ninth Circuit]

28 consider[s] whether the evidence was lost or destroyed while in the

1   government's custody, whether the government acted in disregard of

2   the defendant's interests, whether the government was negligent,

3   whether the prosecuting attorneys were involved, and, if the acts

4   were deliberate, whether they were taken in good faith or with

5   reasonable justification."  Robertson, 895 F.3d at 1213.

6        An examination of these factors demonstrates that the

7   government's conduct here does not warrant any sanction.  It "fell

8   within a general range of reasonableness."  Id. at 1213.  Special

9   Agent Zeva Pettigrew testified that after Charles Klasky mentioned an

10  FTP site during an interview in May 2016, Special Agent Bishop was

11  assigned to look for the FTP site but ultimately ran into a dead-end.

12  (Tr. 7484-7486.)  There is no evidence that the government acted in

13  disregard of Zarrabi's interest or negligently, much less in bad

14  faith or without reasonable justification.  The investigatory steps

15  were taken in good faith and, as often happens, were unfruitful.

16  That is hardly a basis to warrant an adverse inference instruction

17  carrying the imprimatur of the Court.

18       Moreover, because the government never had the FTP evidence in

19  its custody in the first place, there can be no claim that the

20  government had any responsibility for it or obligation to preserve

21  it, much less that it lost or destroyed it.  Indeed, Zarrabi has not

22  cited -- and the government is not aware of -- any case in which a

23  court has given a spoliation instruction based on the government's

24  failure to send a preservation request or obtain evidence from a

25  third party.  In Sivilla, the government seized a Jeep used to import

26  drugs, then after stating it would preserve evidence until the

27  defense could arrange an inspection, sold a Jeep the day after the

28

2

1    court entered a preservation.  714 F.3d at 1170-71.  By the time the

2    government caught up with it, the buyer had stripped the Jeep for

3    parts.  Id.  The Ninth Circuit found that "[i]n total, the quality of

4    the government's conduct was poor" because:

5         [T]the evidence was evidence was destroyed while in the

6         government's custody. The government was negligent in failing to

7         adhere to reasonable standards of care in its prosecutorial

8         functions. The prosecutor promised to protect the evidence but

9         failed to take any affirmative action to that end. The

10        government attorney prosecuting the case participated in the

11        events leading to the failure to preserve.

12   Id. at 1173.  No comparable circumstances are present here.

13        United States v. John, 683 Fed. Appx. 589, 593 (9th Cir. 2017),

14   also involved property in the government's possession.  The

15   government collected a blood sample from the top of the mattress and

16   preserved a cut-out of the mattress before disposing of it.  Id.  The

17   Court held the district court did not abuse its discretion in denying

18   a spoliation instruction because "the government's handling was not

19   poor, and John was not significantly prejudiced."  Id.[1]

20        With respect to the prejudice side of the Loud Hawk balance, any

21   prejudice to Dr. Zarrabi is mitigated by the fact that there was

22   plenty of other evidence that Dr. Zarrabi was not reviewing the sleep

23

24        [1] In United States v. Dee, 319 Fed. Appx. 578, 581-82 (9th Cir.
     2009), which defendant mentioned at the instructions conference, the
25   panel rejected claims that defendant's due process rights were
     violated and that he was entitled to an adverse inference instruction
26   based on "the government's alleged failure to collect and preserve
     evidence."  Defense counsel "was allowed to argue that the jury
27   should draw an adverse inference from the fact that some evidence was
     not collected or was not preserved, which he did during his closing
28   argument."  Id. at 582.

3

1  study reports, including his own recorded statements, the testimony

2  of Charles Klasky, the lack of email feedback after the first couple

3  months on the job, and the repeated red flags on the sleep study

4  reports that Dr. Zarrabi himself noted.

5       Dr. Zarrabi may present evidence relating to the overall quality

6  of the government's investigation and argue that evidence to the

7  jury.  See United States v. Sager, 227 F.3d 1138, 1146 (9th Cir.

8  2000); Dee, 319 Fed. Appx at 582.  But he is not entitled to a

9  spoliation instruction based on evidence the government did not

10 obtain from a third party, particularly given the lack of substantial

11 prejudice to Dr. Zarrabi.[2]

---

24      [2] Even if the Court were inclined to give such an instruction,
the form of the instruction is improper.  Specifically, the Court
25 should remove "the" before "files and logs."  Placing the definite
article "the" before "files and logs" makes it sound as though the
26 Court knows that these files and logs existed and what they were.
There is no evidence regarding what such files and logs consisted of
27 or what they contained.  If the instruction is given at all, it is
for the jury to decide whether such files and logs would be evidence
28 "that the government knew or should have known would be evidence."